In re Charles L. BUTLER and Phyllis D. Butler, Debtors.

Michael G. RINN, Trustee, Plaintiff,

v.

MTA EMPLOYEES CREDIT UNION, INC., Defendant.

In re Leonard GLADNEY and Lorna Gladney, Debtors.

Marc H. BAER, Trustee, Plaintiff,

v.

MTA EMPLOYEES CREDIT UNION, INC., Defendant.

In re Bobby Joe EMERSON and Barbara Emerson, Debtors.

Marc H. BAER, Trustee, Plaintiff,

v.

MTA EMPLOYEES CREDIT UNION, INC., Defendant.

Bankruptcy Nos. 86–B–0813, 86–B–0693 and 86–B–1547.

Adv. Nos. 86–0342B, 86–0333B and 86–0335B.

United States Bankruptcy Court, D. Maryland.

March 31, 1988.

---

Michael G. Rinn, Baltimore, Md., pro se.

Marc H. Baer, Baltimore, Md., pro se.

R. Douglas Jones, Baltimore, Md., for defendant.

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES F. SCHNEIDER, Bankruptcy Judge.

These three adversary proceedings were consolidated upon the identical issue presented, namely, whether regular payments made by a debtor to a credit union on a consumer loan within 90 days of filing bankruptcy are avoidable by a bankruptcy trustee as constituting preferences under the Bankruptcy Code. In each case, the parties have filed motions for summary judgment. Because the Court has determined the payments in each case to be non-preferential, the credit union's motions for summary judgment will be granted.

## FINDINGS OF FACT

1. Leonard Gladney and Lorna Gladney filed a voluntary Chapter 7 bankruptcy petition in this Court on April 3, 1986.

2. Charles L. Butler and Phyllis D. Butler filed a voluntary Chapter 7 bankruptcy petition in this Court on April 18, 1986.

3. Bobby Joe Emerson and Barbara Emerson filed a voluntary Chapter 7 bankruptcy petition in this Court on July 18, 1986.

4. Marc H. Baer was appointed bankruptcy trustee in the Gladney and Emerson cases; Michael G. Rinn was appointed trustee in the Butler case.

5. The trustees filed the three instant preference actions against the M.T.A. Employees Credit Union in November, 1986.

6. All three adversary proceedings allege that the M.T.A. Employees Credit Union obtained preferences from each debtor on unsecured loans during the 90-day preference period prior to the debtors' filing of bankruptcy by deductions from payroll of monthly amounts due on loans.

7. In the case of Leonard Gladney, $1792.45 is the amount claimed to be a preference.

8. In the case of Bobby Joe Emerson, $1597.42 is the amount claimed to be a preference.

9. In the case of Charles L. Butler, $2,511.96 is the amount claimed to be a preference.

10. The parties agree that all payments were based upon wage withholding agreements executed at the time the loans originated and that the payments were all made in a regular, weekly and consistent manner, with no payments missed, no amounts changed and no unusual activity shortly before bankruptcy.

## CONCLUSIONS OF LAW

1. All of the payments in question constituted preferences according to 11 U.S.C. § 547(b) which provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Recent changes in the Bankruptcy Code effected by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ["BAFJA"], Pub.L. No. 98–353, eliminated the "45–Day Rule" from Section 547(c)(2). Before the amendment, Section 547(c)(2) read as follows:

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms[.]

3. With the changes in the law, various commentators agree that "... [A]ll transfers made within ninety days of the filing of the debtor's petition, while subject to a trustee's examination, will be retained by a transferee if the transfer is found to have been made in the ordinary course of the business or financial affairs of the commercial or consumer debtor." Gorney, *Elimination of the 45–Day Rule: Amendment of Section 547(c)(2) Requires a New Look at Preferences*, 91 COM.L.J. 364, 369 (Fall 1986); *Accord* Countryman, *The Concept of a Voidable Preference in Bankruptcy*, 38 VAND.L.REV. 713, 776 (1985).

4. The parties have stipulated that the debtors' payments to the credit union, made within 90 days of filing their bankruptcy petitions, were timely made and according to form.

5. The transfers fall within the exception of Section 547(c)(2)(B) and are therefore not avoidable because they were made "in the ordinary course of business or *financial affairs of the debtor* and the transferee." A long-term loan by a consumer debtor is unquestionably within "the ordinary course" of that debtor's "financial affairs." *Contra, In re Bourgeois*, 58 B.R. 657 (Bankr.W.D.La.1986). *Cf. In re Graves*, 45 B.R. 858, 865 (E.D.Cal.1985) (payments were made in the ordinary course where loan resulted from ongoing relationship with creditor and no evidence of pre-bankruptcy planning existed).

6. Therefore, while the elimination of the 45–Day Rule did not automatically legitimize payments made against obligations older than 45 days, a finding that the payments were made in the ordinary course of the financial affairs of these consumer debtors excepts them from avoidance by the trustee under Section 547(c)(2).

7. If Congress intended a result contrary to this opinion, it has failed to so state.

A separate order is annexed which effects this decision, granting the defendant's motions for summary judgment and dismissing these complaints.